**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Vesa Piltonen, et al.,**

**Plaintiffs,**

**-against-**

**Benjamin Capital Partners, Inc.,**

**Defendant.**

**1:26-cv-02754 (VSB) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Court has reviewed Plaintiff's motion, filed on August 19, 2026 (Pl.s Not. of Mot., ECF No. 28), seeking substitution of Tomas Piltonen for Plaintiff Vesa Piltonen, now deceased. Defendants have not filed any opposition to the motion.[1]

Pursuant to Federal Rule of Civil Procedure 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Further, a motion for substitution may be made "by any party or by the decedent's successor or representative." *Id*. In considering a motion under Rule 25(a)(1), the Court must decide whether: "(1) the motion was timely;[2] (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a proper party." *Anderson v. Carelon Behav. Health, Inc.*, No. 24-CV-09260 (MMG), 2026 WL 891569, at *4 (S.D.N.Y. Mar. 31, 2026) (quoting *Wagley*

---

[1] Defendants did not file any opposition papers within the period agreed upon by the parties. (*See* Pl.'s 9/18/26 Not. of Mot. at 2.) Defendants also did not file any opposition papers in response to the Court's 9/23/26 Order extending the deadline to oppose, and noting that, if Defendants failed to oppose, the pending motion would be granted without opposition. (*See* 9/23/26 text-only Order, ECF No. 32.)

[2] Rule 25(a)(1) provides that a motion must be made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). On June 18, 2026, the parties filed a joint letter to the ECF docket confirming that Plaintiff Vesa Piltonen had recently passed away. Tomas Piltonen moved for substitution on August 19, 2026; well within the 90-day period prescribed by the Rule.

*v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.,* Jr., No. 18-CV-08668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021)).

The Court finds that the standards under Rule (25)(a)(1) have been met. Accordingly, Plaintiff's motion for substitution is GRANTED without opposition. The Clerk of Court is respectfully requested to substitute Tomas Piltonen for Plaintiff Vesa Piltonen on the docket.

**SO ORDERED.**

Dated: New York, New York
September 28, 2026

STEWART D. AARON
United States Magistrate Judge